UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-24747-DPG

PEDRO ALEXIS CASTANEDA PINO
and all others similarly situated under
29 U.S.C. 216(b),

      Plaintiff,

v.

UNIVERSAL USED PALLETS, INC.,
a/k/a UNIVERSAL PALLETS, INC.,
QUALITY PALLETS, INC.,
JOSE R. LESTEIRO,

      Defendants.

_____/

## DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF PRIOR LAWSUITS

Defendants Universal Used Pallets, Inc. ("Universal Pallets") and Jose R. Lesteiro ("Lesteiro"), by and through their undersigned counsel, pursuant to Rule 801 of the Federal Rules of Evidence, hereby move this Court to enter an Order precluding Plaintiff, his attorneys, or any other witnesses from introducing evidence of prior FLSA lawsuits against Defendants in *voir dire*, opening statement, or at trial, and as grounds therefore, states as follows:

Plaintiff is a former employee of Defendant Universal Pallets and alleges that he was not paid overtime under the Fair Labor Standards Act ("FLSA") for time he allegedly spent working at Defendant Lesteiro's personal farm. Defendant anticipates that Plaintiff may attempt to introduce evidence that Universal Pallets has been involved in two prior lawsuits for alleged violations of the FLSA in an attempt to villainize Defendants and/or confuse the jury. Any information regarding the subject matter of Universal Pallets' prior FLSA lawsuits, including the existence of the lawsuit itself, is irrelevant and otherwise inadmissible under Federal Rules of

1

Evidence 401 and 403 since there has never been a judicial determination that Defendants have violated the FLSA. Thus, the existence of prior FLSA claims against Defendants would not have "any tendency to make or prove a fact more or less probable than it would be without the evidence" and it is not "of consequence in determining the action, "Fed. R. Evid. 401.

Moreover, any evidence regarding prior FLSA claims should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403. See Thomas v. Bombardier Recreational Products, Inc., 2010 WL 4188308 (M.D. Fla. Oct. 20, 2010); see also Hamatie v. Louisville Ladder, Inc., 2007 WL 7626033 (M.D. Fla. Oct. 24, 2007). The jury could easily and incorrectly infer from the proffered evidence that Defendants are liable in this case only because there were other FLSA claims. In such situations, motions in limine are appropriate. Palmer v. Board of Regents of the University System of Georgia, 208 F.3d 969 (11th Cir. 2000).

Finally, such evidence will result in the expenditure of significant litigation time on issues collateral to Plaintiff's claims and the inevitable result of having to conduct several "mini-trials" within this trial. McWhorter v. City of Birmingham, 906 F.2d 674, 679 (11th Cir. 1990). Therefore, any evidence of other FLSA claims against Defendants should be excluded at trial.

## MEMORANDUM

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  Fed. R. Evid. 401.  Relevant evidence, however, may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice or confusing the issues.  Fed. R. Evid. 403.

Plaintiff should be precluded from mentioning or making any reference to Universal Pallets' prior FLSA lawsuits as such evidence is irrelevant and has no bearing on Plaintiff's claim. Such evidence could serve no purpose other than to impermissibly taint the character of Universal Pallets and its witnesses. Additionally, these prior lawsuits do not involve Plaintiff and would create a danger of unfair prejudice, confuse the issues, and likely mislead the jury.

WHEREFORE, for the reasons set forth herein, Defendant respectfully urges this Court to grant its Motion *in Limine* and to preclude Plaintiff from introducing any evidence related to Universal Pallets' prior lawsuits.

Certificate of Conferral: On September 27, 2017, Defendants' counsel conferred with Plaintiff's counsel, who opposes the relief sought in this motion.

Respectfully submitted this 27th day of September, 2017.

> Rodolfo Gomez
> Florida Bar No. 0820903
> FordHarrison
> 100 S.E. 2nd Street, Suite 2150
> Miami, Florida 33131
> Telephone: (305) 808-2108
> Facsimile: (305) 808-2101
> rgomez@fordharrison.com
> /s/ Rodolfo Gomez
> Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of September, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing

3

generated by CM/ECF or in some other authorized manner for those counsel or parties who are

not authorized to receive electronically Notices of Electronic Filing.

## <u>SERVICE LIST</u>

J.H. Zidell, Esq.
K. David Kelly, Esq.
Bruno A. Garofalo, Esq.
Rivkah Jaff, Esq.
J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Telephone: 305-865-6766
Facsimile:   305-865-7167
zabogado@aol.com
david.kelly38@rocketmail.com
bruno.garofalo.esq@gmail.com
rivkah.jaff@gmail.com
(via CM/ECF)

　　　　　　　　　　　　　　　　　　　　/s/ Rodolfo Gomez
　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants

WSACTIVELLP:9370843.1

4