UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-24747-DPG

PEDRO ALEXIS CASTANEDA PINO
and all others similarly situated under
29 U.S.C. 216(b),

    Plaintiff,

v.

UNIVERSAL USED PALLETS, INC.,
a/k/a UNIVERSAL PALLETS, INC.,
QUALITY PALLETS, INC.,
JOSE R. LESTEIRO,

    Defendants.

_____/

## **DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE HEARSAY TESTIMONY AND MEMORANDUM OF LAW**

Defendants Universal Used Pallets, Inc. ("Universal Pallets") and Jose R. Lesteiro ("Lesteiro"), by and through their undersigned counsel, pursuant to Rule 801 of the Federal Rules of Evidence, hereby move this Court to enter an Order precluding Plaintiff, his attorneys, or any other witnesses from introducing hearsay testimony in *voir dire*, opening statement, or at trial, and as grounds therefore, states as follows:

Plaintiff is a former employee of Universal Pallets and alleges that he was not paid overtime under the Fair Labor Standards ("FLSA") for time he allegedly spent working at Defendant Lesteiro's personal farm. Based upon testimony and other evidence elicited during discovery Defendant anticipates that Plaintiff may attempt to present testimony from Plaintiff's co-workers that they may have heard from Plaintiff or others at Universal Pallets that Plaintiff was working at Defendant Lesteiro's farm. Such evidence is inadmissible hearsay and must be excluded at trial.

1

## **MEMORANDUM**

Under the Federal Rules of Evidence, hearsay testimony is inadmissible. Fed. R. Evid. 802. Hearsay is defined as "a statement that the declarant does not make while testifying at the current trial or hearing and a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Based upon testimony and other evidence elicited during discovery it is anticipated that Plaintiff may attempt to introduce evidence from Plaintiff's co-workers that they may have heard from Plaintiff or others that Plaintiff was working at Defendant Lesteiro's farm. Such alleged statements would be used to prove the truth of the matter asserted: that Plaintiff worked at the farm. Such evidence is hearsay, to which no exception exists.

Additionally, Federal Rule of Evidence 602 states "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." The purpose of Rule 602 is to ensure that a witness giving testimony has personal knowledge of the facts they are testifying about, without speculation. This especially so in this instance when Plaintiff's co-workers have no personal knowledge of Plaintiff ever working at Defendant Lesteiro's farm. As stated by one Court of Appeals in *Visser v. Packer Engineering Assoc., Inc.*, "inferences and opinions must be grounded in observation or other first-hand personal experience. They must not be flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience." 924 F.2d 655, 659 (7th Cir. 1991).

WHEREFORE, for the reasons set forth herein, Defendant respectfully urges this Court to grant its Motion *in Limine* and to preclude Plaintiff from introducing any hearsay testimony regarding Plaintiff working at Defendant Lesteiro's farm.

Certificate of Conferral: On September 27, 2017, Defendants' counsel conferred with Plaintiff's counsel, who opposes the relief sought in this motion.

Respectfully submitted this 27th day of September, 2017.

>Rodolfo Gomez
>Florida Bar No. 0820903
>FordHarrison
>100 S.E. 2nd Street, Suite 2150
>Miami, Florida 33131
>Telephone: (305) 808-2108
>Facsimile: (305) 808-2101
>rgomez@fordharrison.com
>/s/ Rodolfo Gomez
>Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of September, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

J.H. Zidell, Esq.
K. David Kelly, Esq.
Bruno A. Garofalo, Esq.
Rivkah Jaff, Esq.
J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Telephone: 305-865-6766
Facsimile:   305-865-7167
zabogado@aol.com
david.kelly38@rocketmail.com
bruno.garofalo.esq@gmail.com
rivkah.jaff@gmail.com
(via CM/ECF)

>/s/ Rodolfo Gomez
>Attorneys for Defendants

WSACTIVELLP:9370155.1