UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-24747-CIV-GAYLES

**PEDRO ALEXIS CASTANEDA PINO,**

      **Plaintiff,**

v.

**UNIVERSAL USED PALLETS, INC.,
QUALITY PALLETS, INC., and
JOSE R. LESTEIRO,**

      **Defendants.**
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendants' Motion for Summary Judgment [ECF No. 27]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is GRANTED.

**I.     BACKGROUND**

Plaintiff Pedro Alexis Castaneda Pino ("Plaintiff") worked as a pallet disassembler for Defendants Universal Used Pallets Inc. and Jose Lesteiro (collectively, "Defendants")[1] from April 2006 to November 2016. [ECF No. 1, ¶ 10]. During that time, he also sometimes worked at an offsite location—a farm owned by Mr. Lesteiro. On November 3, 2016, Plaintiff filed the instant action, alleging unpaid minimum wages and unpaid overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Defendants now seek summary judgment on the sole Count in the Complaint [ECF No. 1].

---

[1] In the Motion for Summary Judgment, Defendants argue that Quality Pallets, Inc., did not employ the Plaintiff. Because Plaintiff concedes this point in his Response [ECF No. 33], the Court will not address the issue.

1

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment "is appropriate only if 'the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.'" *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam) (quoting Fed. R. Civ. P. 56(a)); *see also Alabama v. North Carolina*, 560 U.S. 330, 344 (2010). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

An issue is "genuine" if a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the nonmoving party in light of his burden of proof. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). And a fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). "Where the material facts are undisputed and all that remains are questions of law, summary judgment may be granted." *Eternal Word Television Network, Inc. v. Sec'y of U.S. Dep't of Health & Human Servs.*, 818 F.3d 1122, 1138 (11th Cir. 2016).

The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014). However, to prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015). "Only if after introduction of the non-movant's evidence, the combined body of evidence presented by the two parties relevant to the

material fact is still such that the movant would be entitled to a directed verdict at trial—that is, such that no reasonable jury could find for the non-movant—should the movant be permitted to prevail without a full trial on the issues. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993).

Southern District of Florida Local Rule 56.1 requires that "[a] motion for summary judgment and the opposition thereto shall be accompanied by a statement of material facts as to which it is contended that there does not exist a genuine issue to be tried or there does exist a genuine issue to be tried, respectively," S.D. Fla. L.R. 56.1(a). A statement shall, *inter alia*, "[b]e supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court." *Id.* R. 56.1(a)(2). Local Rule 56.1(b), which governs the effect of a nonmovant's failure to controvert a movant's statement of undisputed facts, provides: "All material facts set forth in the movant's statement filed and supported as required above **will be deemed admitted** unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record." *Id.* R. 56.1(b) (emphasis added).

## III.   DISCUSSION

An employee who seeks to recover under the FLSA "has the burden of proving that he performed work for which he was not properly compensated." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946). However, "[i]t is the employer's duty to keep records of the employee's wages, hours, and other conditions and practices of employment." *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1315 (11th Cir. 2007). "Thus, in situations where the employer's records cannot be trusted and the employee lacks documentation, . . . 'an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of

3

that work as a matter of just and reasonable inference.'" *Id.* at 1316 (quoting *Anderson*, 328 U.S. at 687).

Where a defendant employer produces wage and hour records, summary judgment is nevertheless inappropriate if a plaintiff produces evidence casting doubt on the completeness or accuracy of those records. *See, e.g.*, *Medrano v. The Investment Emporium LLC*, 672 F. App'x 944, 948 (11th Cir. 2016); *Allen*, 495 F.3d at 1316. Relying on these cases, Plaintiff argues that there is a genuine issue of material fact whether Defendants' employment records are accurate and complete.

But these cases are readily distinguishable from the instant case. In *Medrano*, thirty weeks of time records were altogether missing. *Medrano*, 672 F. App'x at 946. The plaintiff in that case testified that he had worked those thirty weeks; the defendant testified that he hadn't. *Id.* Because the defendant employer had the burden of producing complete and accurate time records, and because those records were incomplete, the plaintiff's testimony was enough to create a genuine issue of material fact. *Id.* at 948. *Medrano* is hardly the "near mirror image" that Plaintiff suggests. [ECF No. 33]. Here, Defendants have produced a complete set of timecards, each signed by the Plaintiff.

The *Medrano* plaintiff alleged that manual notations on some of the timecards were adjusted *after* he signed them. *Medrano*, 672 F. App'x at 946. Here, Plaintiff does not make such an allegation. In paragraphs 17 and 19 of Defendants' Statement of Undisputed Material Facts, contained in their Motion for Summary Judgment, Defendants allege that Plaintiff had an opportunity each week to review his timecards, and that he signed them each week without ever disputing their accuracy. [ECF No. 27]. Plaintiff's Statement of Material Facts disputes only that the cards accurately reflect the time he worked. In other words, Plaintiff admits that he reviewed the cards as they exist now in the record, signed each one, and not once during his employment

4

disputed the accuracy of the timecards. His testimony now that the timecards are inaccurate is not enough to create a genuine issue of material fact in light of the other record evidence.

Furthermore, as Defendants point out in their Reply, Plaintiff's Response to the Motion wildly mischaracterizes the deposition testimony of Javier Lesteiro, the son of the individually named Defendant Jose Lesteiro. Plaintiff writes: "When asked if the Plaintiff was clocking in when they, [Jose] Lesteiro and the Plaintiff, went to the farm Javier replied 'it depends.'" [ECF No. 33]. But Plaintiff omits both the specific question and Lesteiro's full answer. Plaintiff's counsel asked Lesteiro, "Was Mr. Pino, when he went to the farm required to clock in and then get into the vehicle to go up to the farm?" [ECF No. 31-1, 37:3–5]. Lesteiro responded, "It depends." And when asked to clarify, Lesteiro explained, "If Mr. Pino got there in the morning, he would clock in at 7:30. So *he would already be clocked in* if he went to the farm." [*Id.* at 37:8–10] (emphasis added). Lesteiro clearly meant that the Plaintiff would not always need to clock in before getting into the truck to go to the offsite location *because he would already be clocked in*. Plaintiff's misrepresentations notwithstanding, Javier Lesteiro's deposition testimony does not create a genuine issue of material fact that precludes summary judgment.

Plaintiff has failed to establish any reason why his "employer's records cannot be trusted." *Allen*, 495 F.3d at 1316. In light of those complete and detailed records—records that he contemporaneously signed and never disputed during his employment—Plaintiff's self-serving testimony does not create a genuine issue of material fact.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that the Defendants' Motion for Summary Judgment [ECF No. 27] is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED AND ADJUDGED** that this case is **CLOSED** and all pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of October, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE